UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEON ANAZAR,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No. 26-cv-6522-RFL-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Leon Anazar filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration detention. (Dkt. No. 1.) The government responded to the Petition, stating that the statutory authority to detain Petitioner is 8 U.S.C. § 1225(b)(2). (Dkt. No. 4 at 2.) [1] Respondents acknowledge, however, that "Courts in this district have repeatedly rejected the government's positions in previous cases that are not materially distinguishable from the present petition. Accordingly, the government does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 2–3 (footnotes omitted).)

As averred in the Petition, and as Respondents do not dispute, Petitioner, a citizen of Haiti, entered the United States on March 18, 2024, and has been continually present since that time. (Dkt. No. 1 ¶¶ 2, 4–5.) Petitioner was previously released from immigration custody on parole. (*Id.* ¶¶ 3, 26, 45.) That release necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). The government subsequently acknowledged receipt of Petitioner's Application for Asylum and for Withholding of Removal on September 16, 2024, and scheduled an associated biometrics appointment for March 17, 2025. (*Id.* ¶¶ 4, 29.) Petitioner's notice was

[1] All citations to page numbers refer to ECF pagination.

marked with a Biometrics Processing Stamp on March 17, 2025. (*Id.* ¶ 29; *see also* Dkt. No. 1-4.) On December 17, 2024, an immigration judge terminated petitioner's removal proceedings. (Dkt. No. 1 ¶ 4; *see also* Dkt. No. 105.) On November 16, 2026, Petitioner was apprehended by Immigration and Customs Enforcement. (Dkt. No. 1 ¶ 33.) He remains in immigration detention at the Otay Mesa Detention Center. (*Id.*)

Petitioner is detained under 8 U.S.C. § 1225(b)(2). (Dkt. No. 4 at 2.) He asserts that his detention violates his Fifth Amendment right to procedural due process.[2] For the reasons stated below, the Petition is **GRANTED**.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, 831 F. Supp. 3d 993, 1001–02 (S.D. Cal. Apr. 24, 2026). Section 1225(b)(2) applies to "unadmitted aliens entering the United States at the border" and not to "unadmitted aliens present in the interior of the country" like Petitioner. *See Rodriguez Vazquez v. Bostoc*k, 183 F.4th 1160, 1193 (9th Cir. 2026). Respondents argue that *Rodriguez Vazquez* does not apply to Petitioner, but they do not explain why that is the case. (*See* Dkt. No. 4 at 2.) Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process. *See, e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM-VET, 2026 WL 1194854, at *2–3 (S.D. Cal. May 1, 2026). Respondents acknowledge that previous decisions from other judges in this District have granted petitions for a writ of habeas corpus on similar facts, and "[a]ccordingly, the government does not oppose the petition and defers to the Court on the appropriate relief." (Dkt. No. 4 at 3 (footnotes omitted).)

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C. § 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy is appropriate here to address the due

[2] Because the Petition is granted on this basis, the order does not reach Petitioner's other claims.

process violations. Furthermore, to ensure that Petitioner's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from re-detaining Petitioner without due process and a proper justification. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core of habeas. Finally, a permanent injunction is an appropriate remedy here because "the balance of equities and consideration of the public interest" favor protecting Petitioner from detention without notice and a pre-deprivation hearing where the government has already determined that he is not a flight risk nor a danger to the community. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). The Court, therefore, **ORDERS** as follows:

- Respondents shall immediately release Petitioner, no later than **24 hours** after the filing of this Order. Respondents shall also return all property that had been seized from him. The release shall be on the same terms and conditions as Petitioner's initial release in 2024.
- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: November 20, 2026

RITA F. LIN
United States District Judge